**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DAUN CHALLENGER BURNS**                                                  **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 1:09cv691-HSO-JMR**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY**                         **DEFENDANT**

_____

## REPORT & RECOMMENDATIONS

This matter is before the Court pursuant to a Motion [9-1] to Dismiss for Lack of Subject Matter Jurisdiction filed on behalf of Michael J. Astrue, Commissioner of Social Security ("The Commissioner") on January 22, 2010. The Commissioner's Motion is accompanied by a Memorandum [10-1] in Support. To date, Plaintiff has not filed a Response in Opposition. After considering the Commissioner's Motion [9-1], all related filings, along with the record as a whole and relevant law, this Court finds that the Commissioner's Motion [9-1] to Dismiss is well taken and should be granted.

## STATEMENT OF THE FACTS

On April 7, 2006, Plaintiff protectively filed for disability benefits under Titles II and XVI of the Social Security Act. (*See* Ex. "1" Attach. Def.'s Mot. [9-2] Dismiss.) An Administrative Law Judge ("ALJ"), on October 15, 2008, denied Plaintiff's applications. *Id.* Plaintiff timely requested a review of the ALJ's decision with the Appeals Council. (*See* Exs. "1," "2" Attach. Def.'s Mot. [9-2] Dismiss.) On August 11, 2009, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case to an ALJ for a new decision. (*See* Exs. "1," "3" Attach. Def.'s Mot. [9-2] Dismiss.) The remand order, explaining that the ALJ's findings were not

supported by substantial evidence, identified three (3) issues that needed further development and enumerated five (5) specific actions for the ALJ to undertake. (*See* Ex. "3" Attach. Def.'s Mot. [9-2] Summ. J.) Plaintiff, however, filed the present Complaint with this Court on September 28, 2009, before the ALJ has issued a decision. (*See* Compl. [1-1].) As of January 22, 2010, the ALJ has not issued a decision. (*See* Ex. "1" Attach. Def.'s Mot. [9-2] Dismiss.)

## ANALYSIS

Judicial review of cases arising under the Social Security Act are authorized pursuant to 42 U.S.C. § 405(g), and are subject to the exclusivity provisions of 42 U.S.C. § 405(h). Section 405(g) provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Thus, section 405(g) constitutes the sole, exclusive method for obtaining judicial review of an administrative decision in a social security case. *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993); *see also Matthews v. Eldridge*, 424 U.S. 319, 327 (1976)(stating that appeal under section 405(g) constitutes the sole method of obtaining judicial review for a denial of benefits).

In accordance with 42 U.S.C. § 405(g), judicial review is only authorized for "final decision[s] of the Commissioner of Social Security made after a hearing." The United States

Supreme Court has recognized that "[t]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner of Social Security] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).

The Commissioner's regulations provide an orderly scheme for the processing of Social Security disability claims, and explain a claimant's right to judicial review after completing all of the necessary administrative steps. The administrative procedure is as set forth as follows:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal court review. **When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision**. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

20 C.F.R. § 404.916(a)(1)-(5)(emphasis added). At the last step of the administrative review process, the Appeals Council, if it does not remand the case, may deny a claimant's request for review thus rendering the ALJ's decision the final decision of the Commissioner, or it may grant the request for review and issue its own decision, which then becomes the Commissioner's final decision. 20 C.F.R. §§ 404.967, 404.981, 416.1467, 416.1481. Only after exhausting these administrative remedies, and receiving a final decision from the Commissioner, may Plaintiff seek

judicial review by filing an action in federal district court. *See* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

A decision by the Appeals Council remanding a case to an ALJ is not a "final decision" of the Commissioner for purposes of judicial review. *See Caesar v. Barnhart*, 191 Fed.Appx. 304 (5th Cir. 2006);[1] *see also Weeks v. Soc. Sec. Admin. Comm'r*, 230 F.3d 6, 7 (1st Cir. 2000) (noting that the governing agency regulations "draw a clear distinction between a 'decision' and a 'remand' in this context," and concluding that "an order of the Appeals Council vacating an ALJ's recommended decision and remanding for further proceedings is ordinarily not an appealable final decision."); *Pallotta v. Barnhart*, 444 F.3d 1201, 1204 (10th Cir. 2006) (holding there was no final decision where the Commissioner had not made a final decision on the merits of the claim). Other courts have also held that an Appeals Council order remanding a case to the ALJ for further proceedings is not an appealable final decision. *See, e.g.*, *Culbertson v. Shalala*, 30 F.3d 934, 937 n.3 (8th Cir. 1994); *Duda v. Secretary of Health & Human Servs.*, 834 F.2d 554, 555 (6th Cir. 1987) (per curiam).

Plaintiff has not disputed that his claim was before an ALJ when he filed the instant action, and it apparently still is pending. In the present instance, the record indicates that Plaintiff filed a complaint after the Appeals Council remanded his claim to an ALJ. The Appeals Council vacated the ALJ's decision denying Plaintiff's claims, and remanded the case to an ALJ for a new decision. (*See* Ex. "1" Attach. Def.s' Mot. [9-2] Dismiss.) However, there are two remaining procedural steps to the administrative scheme: an ALJ hearing and Appeals Council review. Because Plaintiff did not fully comply with the administrative remedies, he did not receive a final agency determination as defined by the Commissioner. As mandated by 42 U.S.C. § 405(g), "a 'final decision' is a

---

[1] An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority. 5th Cir. R. 47.5.4.

statutorily specified jurisdictional prerequisite." *Weinberger*, 422 U.S. at 766. The Social Security Act provides Plaintiff with both the substantive basis and standing necessary to present his constitutional claims. Accordingly, § 405(h) functions to bar judicial review unless and until Plaintiff receives a "final decision" as set forth in 42 U.S.C. § 405(g). Because Plaintiff has failed to adhere to the administrative procedure found in the Commissioner's regulations, this Court lacks the requisite jurisdiction to hear this matter.

The Court notes that a claimant may be excused from exhausting his administrative remedies "in certain special cases," such as where the claimant raises a challenge "wholly 'collateral'" to his claim for benefits and makes "a colorable showing" that his injury could not be remedied by the retroactive payment of benefits. *Heckler v. Ringer*, 466 U.S. 602, 618 (1984) (citing *Matthews*, 424 U.S. at 330-32. Plaintiff has not alleged any basis for this Court to excuse his failure to exhaust administrative remedies. The Court notes that Plaintiff alleged in his Complaint that he was denied a fair hearing because the ALJ was "racially biased," however, the Court finds that this alleged injury could be remedied by the retroactive payment of benefits after Plaintiff exhausts his administrative remedies. (*See* Compl. [1-1].) Thus, the Court does not find the instant action to be a "special case" in which Plaintiff's failure to exhaust may be excused.

## **CONCLUSION**

The Court finds that the Commissioner has yet to issue a final decision. Thus, this Court lacks jurisdiction to hear Plaintiff's claim pursuant to 42 U.S.C. § 405(g). Plaintiff's Complaint must therefore be dismissed in its entirety.

In accordance with the Rules of this Court, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objection to the recommendations, with a copy to the Judge, the U.S. Magistrate Judge and the opposing party.

The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal- unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1425 (5th Cir. 1996).

THIS the 17th day of May, 2010.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE