IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAUN CHALLENCER BURNS                                             PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:09-cv-691-HSO-JMR

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATIONS

This matter is before the Court on Plaintiff's Objection [12] to Chief Magistrate Judge John M. Roper's Report and Recommendations [11]. Judge Roper reviewed Defendant's Motion to Dismiss [9] and related pleadings, and determined that Defendants' Motion should be granted and that Plaintiff's Complaint should be dismissed in its entirety. *See* Report and Recommendations, at p. 5. Plaintiff has filed an Objection [12] to the Report and Recommendations. Defendant has filed a Response [13], and Plaintiff a Reply [14].

### I. DISCUSSION

Because Plaintiff has filed an Objection to the Magistrate's proposed findings and recommendations, the Court applies a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1). Based on this review, the Court finds that the Magistrate Judge's Report and Recommendations are well reasoned, and that they correctly find the applicable facts and apply the governing legal standards.

Review of the record reveals that Plaintiff has failed to exhaust his administrative remedies and has not received a "final decision" of the Commissioner of Social Security, which is a requirement prior to seeking judicial review under 42

U.S.C. § 405(g). The Court thus lacks jurisdiction to hear Plaintiff's claim.

Plaintiff states in his Complaint [1] that he "believes that the ALJ was racially biased," and that he "feels that [the ALJ] will not judge fair [sic] due to racial discrimination." Compl., at pp. 1-2. It is arguable that colorable claims of constitutional violations can confer federal court jurisdiction despite lack of a final decision. *See, e.g., Van Williams v. Social Security Admin.*, 152 Fed. App'x 153, 2005 WL 2673487 (3d Cir. Oct. 20, 2005) (*citing Califano v. Sanders*, 430 U.S. 99, 108-09 (1977); *Bacon v. Sullivan*, 969 F.2d 1517, 1521-22 (3d Cir. 1992)). However, the Magistrate Judge determined that this is not a special case where Plaintiff's failure to exhaust can be excused. *See* Report and Recommendations, at p. 5. This Court agrees. The Court is of the opinion that Plaintiff has not stated a colorable constitutional claim that could survive a Federal Rule of Civil Procedure 12(b)(6) challenge. Therefore, this Court lacks jurisdiction to hear Plaintiff's claim.

## II. CONCLUSION

After thoroughly reviewing the findings in the Report and Recommendations, in addition to the positions advanced in Plaintiff's Objection [12], Defendant's Response [13], and Plaintiff's Reply [14], the Court finds that Plaintiff's Objection should be overruled, and that the Magistrate's Report and Recommendations should be adopted as the findings of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objection [12] filed in this cause on May 24, 2010, should be, and hereby is, **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendations [11] of Chief Magistrate Judge John M. Roper entered on May 17, 2010, should be, and hereby are, adopted in their entirety as the findings of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's Motion to Dismiss for Lack of Jurisdiction [9] should be, and hereby is, **GRANTED**, and this civil action is hereby **DISMISSED WITHOUT PREJUDICE**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 10th day of August, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE